IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. CIV-12-CIV-12-1019-D |
| (1) LEXINGTON INSURANCE COMPANY; and (2) AMERICAN MOTORISTS INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

Plaintiff WESTCHESTER FIRE INSURANCE COMPANY, for and as its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Damages against Defendants LEXINGTON INSURANCE COMPANY and AMERICAN MOTORISTS INSURANCE COMPANY, alleges upon information and belief as follows:

**I.**

**PARTIES**

1.  Plaintiff WESTCHESTER FIRE INSURANCE COMPANY ("Westchester") is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.

2.  Defendant LEXINGTON INSURANCE COMPANY ("Lexington") is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Massachusetts. Lexington is a foreign insurance

1

company authorized to transact insurance business in Oklahoma. As such, Lexington has appointed the Oklahoma Insurance Commissioner as its agent for service of process.

3. Defendant AMERICAN MOTORISTS INSURANCE COMPANY ("AMICO") is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. AMICO is a foreign insurance company authorized to transact insurance business in Oklahoma. As such, AMICO has appointed the Oklahoma Insurance Commissioner as its agent for service of process.

## II.

## JURISDICTION

4. This case falls within the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

5. As set forth in Paragraphs 1-3, above, the parties to this action are completely diverse. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.

## VENUE

6. Venue is appropriate in this Court, pursuant to 28 U.S.C. §§ 1391(b)(1) and (d). As set forth in Paragraphs 2 and 3, above, Lexington and AMICO (collectively "Defendants") are subject to personal jurisdiction in this district and, thus, are deemed to reside in this district, thereby making venue proper in this district.

IV.

**FACTUAL BACKGROUND**

A. **The AMICO and Lexington Insurance Policies**

7. AMICO issued certain policies of insurance naming CITGO Petroleum Corporation, CITGO Refining and Chemicals Company, and/or PDV Midwest Refining, LLC (collectively "CITGO") as insureds.

8. The policies issued by AMICO provided insurance coverage to CITGO for the period from 1982 to 1986 and include, but are not limited to, Policy Nos. 2ZM 621752; 3ZM 621752-00; 3ZM 621752-01; 3ZM 621752-02; 2ZM 621752A; 3ZM 621 752-00A; 3ZM 621752-01 A; 3ZM 621752-02A; 3SB 006278-00; 3SB 006210-00 and 3SB 006210-0 (collectively the "AMICO Policies").

9. Lexington also issued certain policies of insurance naming CITGO as an insured.

10. The policies issued by Lexington provided insurance coverage to CITGO for the period from 1996-2003 and include, but are not limited to Policy Nos. 5109372 and 853-5016 (collectively the "Lexington Policies").

B. **The International and U.S. Fire Insurance Policies**

11. Between 1982 and 2003, CITGO had a number of other insurers who issued primary, umbrella, and excess policies to CITGO. Those insurers included International Insurance Company ("International") and United States Fire Insurance Company ("U.S. Fire").

12. International issued the following umbrella excess policies providing coverage to CITGO: Policy No. 523 268392 5 for the policy period August 1, 1983 to October 1, 1984; Policy No. 523 322666 9 for the policy period October 1, 1984 to October 1, 1985; and Policy No. 523 273205 7 for the policy period October 1, 1985 to October 1, 1986 (the "International Policies").

13. U.S. Fire issued the following umbrella excess policies providing coverage to CITGO: Policy No. 523 424638 8 for the policy period September 29, 1986 to September 29, 1987 (the "U.S. Fire Policy").

14. On or about January 1, 1993, Westchester assumed certain insurance liabilities of International and U.S. Fire, including those companies' potential liabilities under the International and U.S. Fire Policies, by valid novation or otherwise. Westchester accepted responsibility for International's and U.S. Fire's liability under those policies and agreed to pay any claims or losses directly in its own name or on their behalf. Further, International and U.S. Fire appointed Westchester as their attorney-in-fact with respect to their rights and obligations under the policies with respect to their insurance liabilities, including, but not limited to, the payment of claims and recovery of subrogation. Consequently, pursuant to Federal Rule of Civil Procedure 17(a), Westchester is the real party in interest for the claims asserted in this Complaint.

C. **The Underlying MTBE Lawsuits Against CITGO**

15. In the mid-2000s, numerous lawsuits were filed against CITGO and other companies across the country, alleging damage to property (mostly water supplies)

4

resulting from the manufacture, distribution, and sale of gasoline with the additive methyl tertiary butyl ether ("MTBE"). The lawsuits, filed by municipalities and governmental water supply districts, asserted products liability claims against CITGO and others, contending that MTBE was a defective product and had contaminated groundwater (the "MTBE Lawsuits").

16. Most of the MTBE Lawsuits were consolidated into a single multi-district litigation ("MDL") action in New York federal court. CITGO ultimately participated in a global settlement of the MDL action. Despite this global settlement, a handful of MTBE suits remain pending against CITGO.

17. On or about November 24, 2004, CITGO notified AMICO of the MTBE Lawsuits and tendered the suits to AMICO to defend.

18. In addition, on or about November 24, 2004, CITGO notified other insurers, including Lexington, International, and U.S. Fire of the MTBE Lawsuits.

**D.   CITGO's Underlying Lawsuits Against Its Insurers**

19. In or about September 2008, CITGO filed a lawsuit in state court in Harris County, Texas against AMICO, Lexington, International, and U.S. Fire seeking insurance coverage for its costs of defending and settling the MTBE Lawsuits.

20. CITGO subsequently dismissed its lawsuit against AMICO, Lexington, International, and U.S. Fire. Nevertheless, on or about December 16, 2008, CITGO entered into a settlement with Lexington, in which it settled its claims against Lexington relating to the defense costs it had incurred through December 31, 2008 and the

settlement of the MDL MTBE Lawsuits. On or about April 21, 2009, CITGO settled its insurance coverage claims against AMICO.

21. In reaching these settlements with Lexington and AMICO, CITGO did not recover all of the defense and/or settlement costs it had allegedly incurred as a result of the various lawsuits involving MTBE claims.

22. On or about September 3, 2009, CITGO filed a second lawsuit against International and U.S. Fire. The lawsuit is entitled *CITGO Petroleum Corporation, CITGO Refining and Chemicals Company, and PDV Midwest Refining, LLC v. International Insurance Company and U.S. Fire Insurance Company*, Cause No. 2009-56585, in the District Court of Harris County, Texas, 125th Judicial District Court (the "CITGO Lawsuit").

23. In the CITGO Lawsuit, CITGO seeks to recover from International and U.S. Fire, under those insurers' respective policies, all of the supposedly unreimbursed defense costs and settlement payments it did not recover from AMICO and Lexington, in its settlement with those insurers, as well as all future defense and indemnity costs associated with the MTBE Lawsuits. CITGO has alleged that its unreimbursed defense costs now exceed $35 million, and Westchester is informed and believes that CITGO seeks to recover nearly $29 million in unreimbursed settlement payments from International and U.S. Fire.

24. As a result of the CITGO Lawsuit, a dispute currently exists between CITGO and International and U.S. Fire concerning whether their policies provide any defense and/or indemnity coverage to CITGO for the MTBE Lawsuits.

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Declaratory Judgment)**

25. Westchester repeats and re-alleges the allegations in Paragraphs 1-24, above, as though fully set forth herein.

26. If International and/or U.S. Fire are held liable to CITGO in the CITGO Lawsuit for CITGO's unreimbursed defense costs and settlement payments and/or future defense and indemnity costs, which is disputed, Westchester will be obligated to pay those amounts directly to CITGO in its own name or on behalf of International and/or U.S. Fire.

27. Neither AMICO nor Lexington paid its full or pro-rata share of CITGO's alleged past and/or future defense costs, damages, or settlements for the MTBE Lawsuits.

28. Westchester seeks and is entitled to a declaration that the International and U.S. Fire Policies are excess to the AMICO and Lexington Policies and that AMICO and Lexington must indemnify Westchester, in full, for any past or future defense costs and/or indemnity payments International and/or U.S. Fire are held liable to pay CITGO in the CITGO Lawsuit.

29.     Alternatively, Westchester seeks and is entitled to a declaration that AMICO and Lexington must indemnify it for their full and unpaid pro-rata shares of any past or future defense costs and/or indemnity payments International and/or U.S. Fire are held liable to pay CITGO in the CITGO Lawsuit.

## SECOND CAUSE OF ACTION

### (Subrogation/Indemnity/Contribution)

30.     Westchester repeats and re-alleges the allegations in Paragraphs 1-29, above, as though fully set forth herein.

31.     If International and/or U.S. Fire are held liable to CITGO in the CITGO Lawsuit for CITGO's unreimbursed defense costs and settlement payments and/or future defense and indemnity costs, which is disputed, Westchester seeks and is entitled to recover any and all sums it must pay to CITGO from AMICO and/or Lexington by subrogation, indemnity, contribution, contract or otherwise.

32.     Alternatively, Westchester seeks and is entitled to recover from AMICO and/or Lexington any sums it must pay to CITGO in excess of International's and U.S. Fire's pro-rata shares.

33.     Westchester hereby demands a jury trial on all issues.

WHEREFORE, Westchester prays for judgment against AMICO and Lexington as follows:

1.  a declaration that the International and U.S. Fire Policies are excess to the AMICO and Lexington Policies;

8

2. a declaration that, if International and/or U.S. Fire are held liable to CITGO in the CITGO Lawsuit for CITGO's unreimbursed defense costs and settlement payments and/or future defense and indemnity costs, AMICO and Lexington must indemnify Westchester, in full, for any past or future defense costs and/or indemnity payments International and/or U.S. Fire are held liable to pay CITGO in the CITGO Lawsuit;

3. alternatively, a declaration that AMICO and Lexington must indemnify Westchester for their full and unpaid pro-rata shares of any past or future defense costs and/or indemnity payments International and/or U.S. Fire are held liable to pay CITGO in the CITGO Lawsuit;

4. all sums Westchester must pay to CITGO based upon its rights to subrogation, indemnity, contribution, contract or otherwise; and

5. alternatively, any sums Westchester must pay to CITGO in excess of International's and U.S. Fire's pro-rata shares.

        Respectfully submitted,

        *s/Paula M. Jantzen*
        Patrick M. Ryan, OBA#7864
        Paula M. Jantzen, OBA#20464
        RYAN WHALEY COLDIRON SHANDY PLLC
        900 Robinson Renaissance
        119 North Robinson
        Oklahoma City, OK  73102
        Telephone:  (405) 239-6040
        Facsimile:  (405) 239-6766
        Email:  pryan@ryanwhaley.com
                pjantzen@ryanwhaley.com

− and −

James M. Garner
(*pro hac vice* motion to be filed)
Joshua S. Force
(*pro hac vice* motion to be filed)
Debra J. Fischman
(*pro hac vice* motion to be filed)
Jacob A. Airey
(*pro hac vice* motion to be filed)
SHER GARNER CAHILL RICHTER KLEIN
 & HILBERT, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, LA  70112
Telephone:   (504) 299-2100
Facsimile:    (504) 299-2300

− and –

William M. Cohn
(*pro hac vice* motion to be filed)
Frank B. Slepicka
(*pro hac vice* motion to be filed)
Christopher Madden
(*pro hac vice* motion to be filed)
COHN BAUGHMAN & MARTIN
333 West Wacker Drive, Suite 900
Chicago, IL  60606
Telephone:   (312) 753-6600
Facsimile:    (312) 753-6601

ATTORNEYS FOR PLAINTIFF,
WESTCHESTER FIRE INSURANCE
COMPANY